**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

ANDRE RENE LEVESQUE,

                                   Plaintiff,

      v.

THE PEOPLE OF THE UNITED STATES,          No. 8:25-CV-1259
                                          (MAD/PJE)

                                   Defendants.

**APPEARANCES:**

Andre Rene Levesque
35A Smithfield Blvd.
#149
Plattsburgh, New York 12901
Plaintiff pro se

**PAUL J. EVANGELISTA
U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

#### I.  **In Forma Pauperis**

Plaintiff pro se Andre Rene Levesque ("plaintiff") commenced this action on September 8, 2025, by filing a complaint.[2]  *See* Dkt. No. 1.  In lieu of paying this Court's filing fee, plaintiff submitted an application for leave to proceed in forma pauperis ("IFP"). *See* Dkt. No. 2.  Plaintiff also filed a motion seeking to have the U.S. Marshals copy and serve defendants with "evidence" and the Court provide a computer so defendants can review the "evidence."   Dkt. No. 3.   The undersigned has reviewed plaintiff's IFP

---

[1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(c).
[2] The undersigned notes that plaintiff has filed at least nineteen other civil actions in this District.

application and determines that he financially qualifies to proceed IFP.[3]  This Court must now assess the merits of plaintiff's complaint pursuant to 28 U.S.C. §§ 1915; 1915A.[4]

## II.  **Initial Review**

### A.  **Legal Standards**

28 U.S.C. § 1915 directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  "Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action." *Praileau v. Fischer*, 930 F. Supp. 2d 383, 394 (N.D.N.Y. 2013).

The Second Circuit affords pro se litigants a "special solicitude" such "that a pro se litigant's submissions must be construed liberally, and that such submissions must be read to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks, citations, and footnote omitted); *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (same).  "In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).

---

[3] Plaintiff is advised that although he has been granted IFP status, he is still required to pay any fees and costs they may incur in this action, including, but not limited to, copying fees, transcript fees, and witness fees.

[4] These requirements apply equally to non-prisoner pro se litigants.  *See* N.D.N.Y. L.R. 72.3(d) ("Unless the Court orders otherwise, any civil action that a non-prisoner pro se litigant commences shall be referred to a Magistrate Judge for the purpose of review under 28 U.S.C. §1915(e)(2) and 28 U.S.C. §1915A when an application to proceed in forma pauperis is filed.").

Conversely, the Second Circuit has stated that the Court "cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations, or arguments that the submissions themselves do not suggest, [and] that we should not excuse frivolous or vexatious filings by pro se litigants."  *Triestman,* 470 F.3d at 477 (citations omitted).  Stated another way, the Court is not required to accept unsupported allegations that are devoid of sufficient facts or claims.  Although detailed allegations are not required at the pleading stage, a complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which the claims are based.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Bell Atlantic v. Twombly,* 550 U.S. 544, 570 (2007) (Noting that a plaintiff bringing suit must plead "enough facts to state a claim to relief that is plausible on its face.").

Further, "pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law . . . ." *Triestman,* 470 F.3d at 477 (additional quotation omitted); *Kastner v. Tri State Eye*, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019) (quoting *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994)) ("The [Second Circuit]'s 'special solicitude' for pro se pleadings has its limits, because pro se pleadings still must comply with . . . the Federal Rules of Civil Procedure."[5]).[6]  Rule 8 provides that a pleading which sets forth a claim for relief shall contain, among other things, "a short and plain statement of the grounds for the court's jurisdiction . . . and . . .

---

[5] Hereafter, "Fed. R. Civ. P."
[6] All unpublished decisions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

3

a demand for the relief sought . . . ." FED. R. CIV. P. 8(a). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Flores v. Graphtex*, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." FED. R. CIV. P. 8(d). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" does not suffice." *Id.* (internal quotation marks and alterations omitted).

Rule 10 provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Flores*, 189 F.R.D. at 55 (internal quotation marks and citations omitted).

Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a

4

comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* (citations omitted).

Generally, "[a] pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Romano v. Lisson*, 711 F. App'x 17, 19 (2d Cir. 2017) (summary order) (quoting *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014)) *Rich v. Akwesasne Mohawk Casino Resort*, No. 8:24-CV-0255 (AMN/CFH), 2024 WL 3677262, at *2 (N.D.N.Y. Aug. 6, 2024), *report and recommendation adopted,* No. 8:24-CV-0255 (AMN/PJE), 2025 WL 286937 (N.D.N.Y. Jan. 24, 2025) (citing *Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995)) ("If dismissal is warranted and the plaintiff is pro se, the court generally affords the plaintiff leave to amend the complaint."). "However, if the problems with a complaint are 'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to re-plead would be 'futile' and 'should be denied.'" *Edwards v. Penix*, 388 F. Supp. 3d 135, 144-45 (N.D.N.Y. 2019) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

III.  **Discussion**

A.  **Plaintiff Complaint**

In a two-page, handwritten complaint, plaintiff alleges the following:

After 400 address changes and blatant denial of due process repeatedly (sic) I insist the U.S. Marshalls personally deliver my fucking court correspondence anere443@gmail.com The good people intentionally prevented me from accessing the computer while I was beaten and tortured repeatedly making prosecuting my claims impossible along with pre postaged (sic) envelope return. . . .

The defendants systematically denied me due process and allowed people to abduct me while trying to ste[al] from me.  They all got me to chant ["]Death to America murder mutilate maul maime (sic) destroy them all["] 200 million x.

Dkt. No. 1 at 1-2.  Plaintiff asserts that his "pain and suffering is enormous" and has "caused immense distress [and] irreparable harms."  *Id*. at 2.

Plaintiff states that he seeks to proceed against the People of the United States and all of their foreign and domestic trading partners, as well as the United States Supreme Court, the United States Congress, and all forty-seven Presidents of the United States.  *See* Dkt. No. 1 at 1-2.  Plaintiff also demands "4 trillion 671 billion 285 million dollars" in monetary damages.  *See id*. at 2.

Attached to plaintiff's complaint is a motion seeking to have the U.S. Marshals "make a copy" and "hand deliver" his complaint to defendants, "enclose a form to have the judge appoint an attorney," and "enclose a disk or USB card with each document the federal court received from me in all 50 states and state filings (sic) as evidence [of] both what I sent and allegedly received.  Along with a 20" x 16" computer to actually review the evidence."  Dkt. No. 3.

### B.  **Analysis**

The undersigned concludes that plaintiff's complaint is frivolous and fails to satisfy the liberal pleading requirements for pro se plaintiffs such that plaintiff's complaint should

6

be dismissed without prejudice and without leave to amend.  *See* FED. R. CIV. P. 8, 10; *Salahuddin*, 861 F.2d at 42; *Edwards*, 388 F. Supp. 3d at 144-45 (quoting *Cuoco*, 222 F.3d at 112).

As an initial matter, plaintiff's complaint fails to meet the pleading requirements of Rules 8 and 10.  Plaintiff's complaint does not provide a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"  FED. R. CIV. P. 8(a).  Rather, plaintiff's complaint amounts to two pages of indecipherable assertions that provide no factual or legal context, detail, support, or explanation of any purported claim.  *See* Dkt. No. 1; *see also Story v. Fort Gordon, United States Mil.*, No. 1:24-CV-0626 (MAD/CFH), 2024 WL 4818523, at *2 (N.D.N.Y. Nov. 18, 2024) ("The Court agrees that Plaintiff's complaint, which consists of only one or two sentences, provides no factual context or support for Plaintiff's claims.").  The undersigned is unable to make sense of any potential claim and plaintiff's complaint fails to give any proposed defendant "fair notice of [any potential] claim being asserted" such that any individual defendant would have an "opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Flores*, 189 F.R.D. at 55.  Further, plaintiff does not provide a "short and plain statement of the grounds for the court's jurisdiction" or state his claims in a single set of numbered paragraphs.  FED. R. CIV. P. 8(a); *see also* FED. R. CIV. P. 10(b).

"Moreover . . . in addition to failing to meet the pleading requirements contemplated by Rules 8 and 10, the complaint is subject to dismissal because it is frivolous and fails to state a claim."  *Story*, 2024 WL 4818523, at *2.  "The Supreme Court has repeatedly held that the federal courts are without power to entertain claims that are so attenuated

7

and unsubstantial as to be absolutely devoid of merit[,]" "wholly insubstantial," "obviously frivolous[,]" or "plainly insubstantial[.]" *Hines v. United States*, No. 6:19-CV-06837 (MAT), 2020 WL 570605, at *2 (W.D.N.Y. Feb. 5, 2020) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)) (internal quotation marks omitted). "No federal question jurisdiction exists when the complaint is . . . essentially fictitious." *Story*, 2024 WL 4818523, at *2 (quoting *Hines*, 2020 WL 570605, at *2 (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994))). "Claims that are 'essentially fictitious' include those that allege 'bizarre conspiracy theories" and "any fantastic government manipulations of [the plaintiff's] will or mind." *Id*. (quoting *Hines*, 2020 WL 570605, at *2 (quoting *Best*, 39 F.3d at 330).

Even affording plaintiff great solicitude and reading his complaint liberally, "plaintiff sets forth no cognizable avenue for relief." *Georges v. Rathner*, No. 1:17-CV-1246 (DNH/CFH), 2017 WL 8230677, at *2 (N.D.N.Y. Dec. 22, 2017), *report and recommendation adopted,* No. 1:17-CV-1246 (DNH/CFH), 2018 WL 1353058 (N.D.N.Y. Mar. 15, 2018); *see* Dkt. No. 1. Although plaintiff's complaint mentions that he was denied due process "281 *x*" and that he was abducted, manipulated, and physically and financially harmed, plaintiff has not provided any factual or legal basis that can be interpreted as claiming that he was denied due process or that any of his other constitutional rights were violated. *See Georges*, 2018 WL 816846, at *3 ("[The] plaintiff has not provided sufficient facts for this Court to assess [the] plaintiff's complaint, as plaintiff has given no context for her general statements about violations of the law by parties who are not named in the complaint, nor explanations as to how her constitutional rights were violated . . . . "); *Ehlers v. C.I.A.*, No. 6:15-CV-387 (MAD/ATB), 2015 WL 3637431, at *3 (N.D.N.Y. June 10, 2015) (concluding that the "Plaintiff's complaint does

not state a valid claim for which relief can be granted and lacks substance . . . Plaintiff's complaint is not of substance, but rather conclusory statements and threadbare recitals of elements of a cause of action.") (internal quotation marks and additional citation omitted).  Plaintiff does not state how or when he was harmed.  *See generally* Dkt. No. 1.  Rather, plaintiff refers to those who violated his rights in broad, general terms such as "defendants," "the good people," and "their trading partners."  *Id*. at 1-2.  Presented in this manner, plaintiff seeks to proceed against an infinite and indefinite number of individuals, institutions, and other nations as proposed unnamed defendants.  Similarly, plaintiff describes his physical and financial harm generally as "immense" and "enormous," yet he does not state what actual harm, if any, he suffered.  *See id*. at 2.

Plaintiff's complaint, in which he states, without any support, that the United States, its foreign trade partners, and the forty-seven presidents of the United States together denied him due process 281 times, "allowed people to abduct him," and forced him to chant "Death to America[.] Murder mutilate maul maime (sic) destroy them all" two million times, dkt. no.1 at 2, is a "product of delusion or fantasy."  *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)); *see also Khalil v. United States*, No. 17-CV-2652, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where the "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible").  "Given the implausibility of Plaintiff's allegations, the action cannot proceed. *Khalil*, 2018 WL 443343, at *4 (citing *Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order)).

Therefore, the undersigned concludes that plaintiff's claims are frivolous and fail to state a claim upon which relief can be granted. *See Story*, 2024 WL 4818523, at \*2; *Hines*, 2020 WL 570605, at \*2 ("The Court is mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers . . . . Nonetheless, the Court has the discretion to decide whether a complaint is frivolous . . . , and such finding is appropriate where the facts alleged are irrational or wholly incredible") (additional citations omitted); *McKie v. Kornegay*, No. 21-1943, 2022 WL 4241355, \*3 (2d Cir. Sept. 15, 2022) ("[A]mendment should be denied where the complaint gives no 'indication that a valid claim might be stated.'") (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Accordingly, the undersigned recommends that plaintiff's complaint be dismissed without prejudice and without opportunity to amend "because the complaint is so attenuated and unsubstantial as to be absolutely devoid of merit[,] and, as such, no better pleading would cure these defects." *Id*.

## IV.  Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's application to proceed in forma pauperis (Dkt. No. 2) is **GRANTED**; and it is

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1), be **DISMISSED without prejudice and without opportunity to amend**; and it is further

**RECOMMENDED**, that plaintiff's motion seeking to compel the U.S. Marshals to act (Dkt. No. 3), be **DENIED as moot**; it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on plaintiff in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *See Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 72.[7]

Dated:  June 8, 2026
        Albany, New York

_____
Paul J. Evangelista
U.S. Magistrate Judge

---

[7] If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three (3) additional days will be added to the fourteen-day (14) period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. *See* FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. *See id.* § 6(a)(1)(c).