**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**ANDRE RENE LEVESQUE,**

                                    **Plaintiff,**

   **vs.**                                                    **8:25-CV-1259**
                                                                            **(MAD/PJE)**

**THE PEOPLE OF THE UNITED STATES,**

                                    **Defendants.**

---

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

Plaintiff Andre Rene Levesque commenced this action on September 8, 2025.  *See* Dkt.

No. 1.  In the caption of Plaintiff's two-page handwritten complaint, he identifies Defendants as

"[t]he People of the United States and all their foreign and domestic trading partners."  *Id.* at 1.

Plaintiff also filed a single-page motion which ostensibly seeks an order requiring the U.S.

Marshals hand deliver to Defendants "each document the federal court received from [Plaintiff] in

all 50 states and state filings as evidence" as well as a computer for Defendants to "actually

review the evidence."  *See* Dkt. No. 3.

On June 8, 2026, Magistrate Judge Paul J. Evangelista issued a Report-Recommendation

and Order, granting Plaintiff's motion to proceed *in forma pauperis* and recommending that (1)

Plaintiff's complaint be dismissed without prejudice and without leave to amend; and (2)

Plaintiff's motion seeking to compel the U.S. Marshals to act be denied as moot.  *See* Dkt. No. 5.

Plaintiff has not filed objections to the Report-Recommendation and Order.  When a party

declines to file objections, the Court reviews a recommendation for clear error.  *See O'Diah v.*

*Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and

1

footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007).

After the appropriate review, "the court may accept, reject or modify, in whole or in part, the

findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Because

Plaintiff has not filed objections, the Court will review the Report-Recommendation and Order

for clear error.[1]

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than

that accorded to 'formal pleadings drafted by lawyers.'"  *Govan v. Campbell*, 289 F. Supp. 2d 289,

295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations

omitted).  The Second Circuit has stated that the court is obligated to "make reasonable

allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely "because

of their lack of legal training."  *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Here, the Court finds no clear error in Magistrate Judge Evangelista's Report-

Recommendation and Order.  Magistrate Judge Evangelista employed the proper standards,

accurately recited the facts, and reasonably applied the law to those facts.  *See* Dkt. No. 5 at 2-10.

First, Magistrate Judge Evangelista recommends that the complaint be dismissed for

failure to meet the pleading requirements contemplated by Rules 8 and 10 of the Federal Rules of

Civil Procedure.  *See id.* at 6-7.  The Court agrees that Plaintiff's complaint, which consists of two

---

[1] On July 27, 2026, the Court received a letter from Plaintiff updating his address and asking that he be provided a "copy" of another case he brought in the Northern District of New York so that he can "refile the case."  *See* Dkt. No. 7 at 1.  Plaintiff also requested the "R&R."  *Id.*  On June 16, 2026, the docket indicates that the Report-Recommendation and Order sent to Plaintiff was returned as undeliverable at the address Plaintiff provided.  Dkt. No. 6.  The Local Rules require Plaintiff to update the address listed on the docket within 14 days of a change of address or risk dismissal of the action.  *See* N.D.N.Y. L.R. 41.2(b).  Plaintiff did not update his address in the nearly two months between the issuance of the Report-Recommendation and Order on June 8, 2026, and his recent letter on July 27, 2026.  As such, Plaintiff has forfeited his opportunity to object, and the failure to update his address constitutes an independent ground for dismissal of the action.

2

pages of broad assertions with little-to-no clarity or explanation, provides no factual context or legal support for any purported claim. *See id.* at 7. Plaintiff has also failed to provide a "'short and plain statement of the grounds for the [C]ourt's jurisdiction'" and the complaint does not provide sufficient notice to Defendants of any cognizable the claims. *See id.* (quoting Fed. R. Civ. P. 8). For these reasons, the Court discerns no clear error in Magistrate Judge Evangelista's recommendation that the complaint be dismissed for failure to comply with Rules 8 and 10. *See Flores v. Graphtex*, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) ("A complaint that fails to comply with [Rules 8 and 10] 'presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of' a plaintiff's claims, and may properly be dismissed by the Court") (quoting *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y.1996)).

Moreover, Magistrate Judge Evangelista correctly determined that, in addition to failing to meet the pleading requirements of Rules 8 and 10, the complaint is subject to dismissal because it is frivolous and fails to state a claim. *See id.* at 7-10. This Court is "'without power to entertain claims that are so attenuated and unsubstantial as to be absolutely devoid of merit[,]'" *Hines v. United States*, No. 6:19-CV-06837, 2020 WL 570605, *2 (W.D.N.Y. Feb. 5, 2020) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)), and "[n]o federal question jurisdiction exists when the complaint is . . . essentially fictitious," *id.* (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)) (internal quotation marks omitted). "Claims that are 'essentially fictitious' include those that allege 'bizarre conspiracy theories, any fantastic government manipulations of [the plaintiff's] will or mind[, or] any sort of supernatural intervention.'" *Id.* (quoting *Best*, 39 F.3d at 330).

Plaintiff alleges that the People of the United States "systematically denied [him] due process and allowed people to abduct [him] while trying to ste[al] from [him,]" "got [him] to chant [']Death to America murder mutilate maul maime [sic] destroy them all['] 200 million x[,]" and "intentionally prevented [him] from accessing the computer while [he] was beaten and tortured repeatedly." Dkt. No. 1 at 1-2. As Magistrate Judge Evangelista observed, in addition to naming the People of the United States and all foreign and domestic trading partners as Defendants, Plaintiff also appears to express his intent to proceed against the United States Supreme Court, the United States Congress, and all forty-seven Presidents of the United States. *See* Dkt. No. 5 at 6. As for monetary damages, Plaintiff demands "4 trillion 671 billion 285 million dollars U.S. currency." Dkt. No. 1 at 2.

Even in light of the deference afforded to *pro se* parties, the Court cannot discern from Plaintiff's complaint how the alleged conduct was committed, who committed it, nor how these allegations are connected to any legitimate claim for relief. *See Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) ("A court may dismiss a claim as 'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic[,]' or 'delusional'") (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)); *Hines*, 2020 WL 570605, at *2 ("The Court is mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers . . . . Nonetheless, the Court has the discretion to decide whether a complaint is frivolous . . . , and such finding is appropriate where the facts alleged are irrational or wholly incredible") (internal citations omitted). Accordingly, the Court finds no clear error in the recommendation that Plaintiff's claims be dismissed because they are frivolous.

Finally, the Court finds no clear error in Magistrate Judge Evangelista's recommendation that leave to amend should not be granted because no better pleading could cure the defects in the complaint. *See* Dkt. No. 5 at 10. "A district court generally should not dismiss a *pro se* complaint without granting at least one opportunity to amend, but amendment should be denied where the complaint gives no 'indication that a valid claim might be stated.'" *McKie v. Kornegay*, No. 21-1943, 2022 WL 4241355, \*3 (2d Cir. Sept. 15, 2022) (summary order) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Indeed, because the allegations in the complaint are factually frivolous and better pleading cannot cure these defects, granting leave to replead would be futile. *See Igarashi v. Skulls & Bones*, 438 Fed. Appx. 58 (2d Cir. 2011) (summary order) ("[L]eave to amend is not necessary when it would be futile, as when the complaint, even read liberally, does not 'suggest[] that the plaintiff has a claim that [he] has inadequately or inartfully pleaded and that [he] should therefore be given a chance to reframe'") (citation omitted).

As the complaint is subject to dismissal, Plaintiff's motion seeking to compel the U.S. marshals to deliver certain evidence to Defendants is denied as moot. *See* Dkt. No. 3.

After carefully reviewing the Report-Recommendation and Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Evangelista's Report-Recommendation and Order (Dkt. No. 5) is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE and WITHOUT LEAVE TO AMEND**; and the Court further

**ORDERS** that Plaintiff's motion seeking to compel the U.S. Marshals to act (Dkt. No. 3), is **DENIED** as moot; and the Court further

**ORDERS** that the Clerk of the Court is directed to close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 3, 2026
        Albany, New York

Mae A. D'Agostino
U.S. District Judge

6